IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03236-MEH

MELEAHA R. GLAPION,

      Plaintiff,

v.

SALLY JEWELL, Secretary, U.S. Department of the Interior,

      Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendant's Motion to Compel [filed August 21, 2015; docket #44]. For the reasons that follow, the Court **grants in part** and **denies in part** the Defendant's Motion. Although permitted the opportunity to do so, Plaintiff filed no response within the time allotted by D.C. Colo. LCivR 7.1(d).[1]

      Plaintiff, appearing *pro se*, initiated this Title VII action alleging discriminatory and retaliatory treatment against her by the U.S. Department of the Interior. Complaint, docket #1. Plaintiff, who filed a total of three Title VII cases in 2014 – all currently before this Court – requested administrative closure of the above-captioned case along with one other in order to focus more exclusively on the first case, on which Plaintiff says the other two cases ultimately rely. *See* Motion for Administrative Closure, docket #41. The Court denied the motion. Minute Order, docket #42. Defendant then filed the present Motion seeking an order compelling Plaintiff to

---

[1] The Court notes that the motion to compel contains a certificate of service indicating that it was properly served upon Plaintiff in accordance with Fed. R. Civ. P. 5 and the accompanying local rules.

respond to interrogatories one and two, requiring her to provide the factual bases of her claims, and asserting Plaintiff's objections and responses to be improper. *See* Motion to Compel, docket #44.

> The scope of evidence that is subject to discovery under the federal rules is broad:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). "The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

> Here, the Plaintiff's objections to interrogatory one and two both read as follows:
>
> Plaintiff reiterated and restates each Objection from above, and adds that this Interrogatory is redundant (answers and several documents were already produced in EEO proceedings which ascertain this interrogatory); contains multipart questions/numerous; unwritten opinion work product is entitled to the protection of absolute work product; AND unduly burdensome.

Motion to Compel, docket #44 at 2, 5. The Court agrees with Defendant that Plaintiff's responses are improper. Defendant's discovery requests, on their face, appear to be relevant to the claims and defenses raised in this matter pursuant to Fed. R. Civ. P. 26(b)(1). *See* Defendant's Interrogatories to Plaintiff, docket #44 at 1-2, 6, 7-8. In responding to interrogatories, Plaintiff may not merely point to other documents in the case and label the interrogatory "redundant." In addition, the requests, while multi-part, do not exceed the limits set forth in the Scheduling Order. They also do not fall within work product, as the Court agrees with Defendant's characterization that the

interrogatories ask for a basic description of the allegedly discriminatory/retaliatory acts: who what, where, when, and how.  *See* Motion to Compel, docket #44 at 2.

Therefore, the Court grants the Motion to Compel and orders Plaintiff **on or before September 30, 2015**, to answer each of Defendant's interrogatories listed in the Motion without simply referencing other documents as sources from which Defendant should glean answers.[2] However, the Court denies Defendant's request for fees.  Based on conversations held at status conferences with the parties, the Court deems circumstances exist making an award of expenses in this case unjust pursuant to Fed. R. Civ. P. 37(a)(5).

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel [filed August 21, 2015; docket #44] is **granted in part** and **denied in part** as specified herein.

Dated at Denver, Colorado, this 15th day of September, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[2] If appropriate, the Plaintiff may identify a document accessible to the Defendant in response to a discovery request, but must also identify the page number, paragraph number, or some other identifier that directs the Defendant to the precise answer to the specific discovery request.